FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
_____Pine Bluff_____ DIVISION

CASE NO. 5:07cw111

*This case assigned to District Judge Wilson*
*and to Magistrate Judge Young*

I. Parties

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of plaintiff: Rickie Mays
   ADC # 112604
   Address: P.O. Box 400, Grady, Ar, 71644

   Name of plaintiff: _____
   ADC # _____
   Address: _____

   Name of plaintiff: _____
   ADC # _____
   Address: _____

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B. Name of defendant: Larry Johnson
   Position: Lieutenant
   Place of employment: Varner Super Max
   Address: P.O. Box 400, Grady, Ar, 71644

   Name of defendant: Marshall Gonder
   Position: Sergeant
   Place of employment: Varner Super Max

1

Address: P.O. Box 400, Grady, Ar., 71644

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

II. Are you suing the defendants in:

- ☐ official capacity only
- ☐ personal capacity only
- ☒ both official and personal capacity

III. Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___   No ___

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐ Parties to the previous lawsuit:

Plaintiffs: _____

_____

Defendants: _____

2

☐ Court (if federal court, name the district; if state court, name the county): _____

☐ Docket Number: _____

☐ Name of judge to whom case was assigned: _____

☐ Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

☐ Approximate date of filing lawsuit: _____

☐ Approximate date of disposition: _____

IV. Place of present confinement: **Varner Super Max**

V. At the time of the alleged incident(s), were you:
(check appropriate blank)

____ in jail and still awaiting trial on pending criminal charges

____ serving a sentence as a result of a judgment of conviction

____ in jail for other reasons (e.g., alleged probation violation, etc.)
explain: **Parole Violation**

VI. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

A. Did you file a grievance or grievances presenting the facts set forth in this complaint?

Yes **X** No ____

B. Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

3

Yes __X__   No ____

If not, why? _____

_____

VII.  Statement of claim

State here (as briefly as possible) the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Preliminary statement: This is a civil right action file by inmate Rickie Mays a prisoner who is incarcerated seeking relief under 42.U.S.C. 1983 Alleging excessive use of force and in violation of the 8th amendment to the United States constitution.

(1.) The court has jurisdiction over the plaintiff claims of violation.

(2.) Defendant Larry Johnson: who is the Lt. of DD shift at the Varner Super Max that is being sued in his individual capacity.

(3.) Defendant Marshall Bender: who is the isolations Sergeant 5 days a week at the Varner Super Max that is being sued in his individual capacity.

(4.) On the 12-17-05 Lt. Johnson sprayed me for no reason with the Part-T-Unit (MK46) which was excessive use of force, maliciously and sadistically to do major harm while I was in a small one man

cell soaking foam band to top with a chemical agent which shouldn't never been sprayed inside my cell on me because the Part-T-Unit is made for riots.

5.) Lt. Johnson or Sgt. Gonder did'nt call for no trained personnel to tape the incident with the Audio-Visual Equipment which the chemical agent I was spray with required.

6.) Sgt. Gonder failed to protect me from Lt. Johnson vicious attack which is ADC policy which he was present when Lt. Johnson viciously sprayed me for no reason.

7.) Lt. Johnson and Sgt. Gonder exscorted me to the shower then Lt. Johnson sprayed me with with a can of saber red mace while I was locked in the shower, then Sgt. Gonder sprayed me with a can of Top Cop mace braking policys and the purpose to harm me.

8.) So Sgt. Gonder left and came back with the 37mm riot gun and act as he was going to shoot and I look to pay attention to Sgt. Gonder, Lt. Johnson maliciously and sadistically sprayed me in my face point blank range which is against ADC policy.

9) The way I was sprayed so many times I feel Sgt. Gonder and Lt. Johnson was trying to murder me which is a crime.

10.) From Sgt. Gonder and Lt. Johnson excessive use of force of mace, my eyes have been giving me problems and my medical jacket will show complaints on sick calls about my eyes.

11.) Wherefore plaintiff asked that all releif be granted as requested in plaintiff relief, because plaintiff 8th amendment was violated and plaintiff has suffer mental anguish.

Respectfully Submitted
Richie Mays

VIII. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

(1) Plaintiff would like to be rewarded compensatory damages in the amount of $66,666 for the pain and suffering and mental anguish. (2) Plaintiff would like each defendant to reward him $66,666 for the physical and emotional injuries sustained as a result of plaintiff several times maced.

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this __15__ day of __May__, 20__07__.

_Rickie Mays_

Signature(s) of plaintiff(s)

# GRIEVANCE FORM - (Attachment 1A)

**FOR OFFICE USE ONLY**
Grv. # W-05-00642
Date Received 12-21-05
Grievance Code: 801

UNIT/CENTER  V.S.M.

PLEASE PRINT Name  Rickie Mays   ADC# 112604   Brk 02/14   Iso. 4   Job Assignment _____

IS THIS GRIEVANCE A MEDICAL GRIEVANCE? Yes ___  No ___

***

All complaints/concerns should first be handled informally before proceeding to the formal grievance procedure.

THE ORIGINAL INFORMAL RESOLUTION FORM SHALL BE ATTACHED

**Informal Action Taken**

Have you discussed this problem with your designated problem-solver? Yes ✓ No __ If yes, give date _____

Why do you feel the informal resolution was unsuccessful? Larry Norris Memo 7-30-04 states: Physical Abuse use grievance

***

Please give a **BRIEF**, clear statement of your grievance. This statement must be specific as to the complaint, **dates**, places, personnel involved, how **you** were affected and what you want to resolve the issue. **One issue** or incident per grievance. Additional pages or forms will **not** be allowed and if attached, will result in the automatic rejection of this grievance without content review.

On the 12-17-05 Lt. Johnson came to my cell and me with the Pact-T-Unit with sprayed using the video cam recorder, then turned around I was sprayed by Sgt. Gonda with Saber red mace which he shouldn't done, because I'm Lt. and above, then Lt. Johnson told Sgt. Gonda to get the shotgun which neither one of them had no business with and if you will rewind you will see Sgt. Gonda with the shotgun loading it up in front of the shower in Iso.4 at 4:00pm to 4:30pm, so I was paying attention to Sgt. Gonda with the shotgun so Lt. Johnson sprayed me in my face. I was sprayed 3 times and threaten with shotgun all because Lt. Johnson wouldn't give me what I suppose have on behavior control. This was Cruel and Unusual Punishment Under 8th Amendment Right and Attemp to Murder.

IS THIS AN EMERGENCY SITUATION? YES ✓ NO __  If yes, why? _____

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt and deliver it without undue delay to the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

Rickie Mays
INMATE SIGNATURE

JAN 18 2006
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

12-21-05
DATE

(TO BE FILLED OUT BY THE RECEIVING OFFICER)  RECEIPT FOR EMERGENCY SITUATIONS

OFFICER (Please Print) R. McCarrell   Signature R. McCarrell
FROM WHICH INMATE? R. Mays   ADC# 112604
DATE: 12/20/05   TIME: 2:07 am

810-1

INMATE NAME: Mays, Ricky L.     ADC #: 112604B     GRIEVANCE #: VU-05-00642

WARDEN'S/CENTER SUPERVISOR'S DECISION

In Response to your grievance: Lt. Johnson and Sgt. Gonder advise that on 12/07/5 you refused to give up your tray. After several orders, Lt. Johnson advised you that if you didn't follow orders you would be sprayed. You refused, and was sprayed and escorted to the shower. Once in the shower you refused orders to remove your jumpsuit and other clothing to ensure you did not have any contraband. After being sprayed by Sgt. Gonder, you did comply and was searched. After showering, you were escorted to your cell. Therefore, I find no merit in your grievance.

_____     _____     _____
Signature of ARO or                                Title                                               Date
Warden's/Supervisor's Designee                                                                          1-12-06

---

**INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original complaint. Do not list additional issues which are not part of your complaint.

WHY DO YOU NOT AGREE WITH THE RESPONSE? It was nothing said about the shotgun or reason of Sgt. Gonda spraying me while Lt. Johnson was there and I'm Lt. and above and about Lt. Johnson spraying me in my face and I did comply with all the rules they just sprayed me because they no they can get away with it.

_____     _____     _____
Inmate Signature                                    ADC#                                               Date
Rickie Mays                                         112604                                             1-17-06

**RECEIVED**

JAN 18 2006
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

INMATE NAME  Ricky L. Mays        ADC# 112604        GRIEVANCE # VU-05-00642

# DEPUTY/ASSISTANT DIRECTOR'S DECISION

I have reviewed your grievance (Att.1A) dated 12-21-06 in which you state, "On the 12-17-05 Lt. Johnson came to my cell and sprayed me with the Part-T-Unit with out using the video cam recorder, then turned around I was sprayed by Sgt. Gonda with Saber red mace which he should'nt done because I'm Lt. and above, then Lt. Johnson told Sgt. Gonda to get the shotgun which neither one of them had no business with and if your will rewind you will see Sgt. Gonda with the shotgun loading it up in front of the shower in Iso. 4 at 4:00 pm to 4:30 pm, so I was paying a attention to Sgt. Gonda with the shotgun so Lt. Johnson sprayed me in my face. I was sprayed 3 times and threaten with shotgun all because Lt. Johnson would'nt give me what I supposed have on behavior control. This was cruel and unusual punishment under 8th amendment right and attemp to murda." I have also reviewed the Warden's Response, your appeal to this office, Staff statements, 005 Reports, Medical Reports, Major Disciplinary Report, Unit Policy (VU 27.5.0, Use of Force and Application of Restraints) and other related documents.

After review of your complaint and the above listed documents I find the incident in question meets the criteria for "Calculated Use of Force". Per policy calculated use of force would be appropriate, for example, if the inmate is in a cell or in an area where the door or grill is, or can be, secured, even where an inmate is verbalizing threats or brandishing a weapon, provided staff believe there is no immediate danger of the inmate hurting self or others. The calculated use of force situation permits the use of other staff (i.e., supervisors, mental health professionals, counselors, etc.) in attempting to resolve situations in a non-confrontational manner.

Although it is documented that you failed to follow several direct orders given by staff and it appears staff used what they felt was the necessary action (at that time); I am at this time bringing this matter to the attention of Warden Harris and Assistant Warden Luckett to ensure that chemical agent (s) are used appropriately. Your allegations that staff was attempting to murder you are unfound, but if after further review by unit level staff corrective action is warranted I am sure the necessary procedures will be followed.

SIGNATURE                                        DATE 3-2-06

Please be advised that if you appeal this decision to the U.S. District Court, a copy of this Deputy/Assistant Director's Decision must be attached to any petition or complaint or the Court must dismiss your case without notice. You shall also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.